ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

2010 MAY 28 AM 8:27

| | | |
|---|---|---|
| FAISAD NADER PALIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-026 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, filed the instant petition pursuant to 28 U.S.C. § 2241 on March 15, 2010. (See doc. no. 1). Petitioner contends that he should be given jail time credit for four months and three days during which time he was held in state custody. (Id. at 8). On May 7, 2010, Respondent filed its response to the Court's order to show cause. In the response, Respondent provides that an audit was performed on Petitioner's sentence computation, and it was determined that Petitioner's assertion that he should be credited for time spent in state custody is correct. Therefore, Petitioner's sentence was adjusted accordingly. As such, Petitioner has been afforded his sought-after relief. (See doc. no. 7, Peacock Aff.). As a result, Respondent contends that the instant petition is moot. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT**.

## I. DISCUSSION

Petitioner was arrested in Hialeah Gardens by the local police department on February 16, 2007, on a charge of suspected battery. (Doc. no. 1, p. 6). At that time it was established that Petitioner was in the United States unlawfully. (Id.). Accordingly, the Bureau of Immigration and Customs Enforcement lodged a detainer against Petitioner. (Id.). Notably, Petitioner remained in state custody until the battery charges were resolved. (Id. at 7). On June 19, 2007, Petitioner was transferred into federal custody. (Id.). Petitioner argues that he is entitled to jail time credit under 18 U.S.C. § 3585 for the period between February 16, and June 19, 2007. Respondent points out, McRae officials, acting at the direction of the Federal Bureau of Prisons, recalculated Petitioner's sentence and granted him credit for the period between February and June 18, 2007. (See doc. no. 7, Peacock Aff.).

As a result, the instant matter is **MOOT**. "Because the judicial power conferred by Article III of the Constitution depends upon the existence of 'Cases' or 'Controversies,' federal courts lack authority to decide moot questions or abstract propositions or issues that cannot affect the rights of litigants in the case before them. McRae v. Hogan, 576 F.2d 615, 617 (5th Cir. 1978)[1] (internal quotation and citation omitted). "Furthermore, an actual controversy must exist at [all stages], and not simply at the date the action is initiated." Id. Here, Petitioner has already been granted the relief he seeks. As a result, Petitioner presents no injury which can be remedied in this § 2241 proceeding. See, e.g., Medberry v. Crosby,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

2

351 F.3d 1049, 1053 (11th Cir. 2003)(petition challenging administrative segregation moot after prisoner completes term of administrative segregation).

## II. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 28th day of May, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE